ORDERED.

Dated: January 19, 2016

*Catherine M. McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:     Case No. 8:13-bk-09719-CPM

    AVANTAIR, INC.     Chapter 7

        Debtor(s).
_____/

**ORDER ON MOTIONS
(DOC. NOS. 1890 & 1893) TO FILE EXHIBITS UNDER SEAL**

THIS CASE came on for consideration on the motions filed by the Chapter 7 Trustee (Doc. No. 1890) and Mary Peterson and Scott Piwinski (Doc. No. 1893) (together the "Motions") which seek to file certain exhibits under seal. On December 3, 2015, the Court entered its Confidentiality and Protective Order (the "Order) (Doc. No. 1839). With respect to discovery conducted in connection with the Chapter 7 Trustee's Motion to Approve Settlement and Compromise of Controversy with Former Officers, Directors, and Employees of Avantair, Inc. (collectively, "Insider Targets") and objections thereto, the Order allows documents, depositions, deposition exhibits, admissions, and other information or material produced, given, or exchanged in connection with Personal Financial Statements of certain former officers, directors, and employees of Avantair, Inc. that quote, summarize, or contain materials entitled to

protection, such as interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleading, motions, affidavits, and briefs to be designated as "Confidential – Attorneys' Eyes Only Information."  The documents and other materials (the "Confidential Exhibits") that the Motions seek to file under seal fall within the scope of the documents and other materials described in the Order.

Pursuant to the procedures set forth in decretal paragraph 7 of the Order, if a party intends to display any Confidential – Attorneys' Eyes Only Information in open court at the final evidentiary hearing scheduled for January 22 and 25-27, 2016 (the "Trial"), such party shall have the opportunity to move orally or as the Court directs otherwise to appropriately protect the information and the Court shall enter an order (a "Protective Order") on each such motion as the Court deems appropriate to protect such information discussed or to be discussed at the Trial. Decretal paragraph 7 further provides that a party seeking to file Confidential – Attorneys' Eyes Only Information under seal shall comply with the procedures set forth in Local Rule 5005-4. The Court recognizes the Motions as having been filed in compliance with the Order and further clarifies procedures for filing Confidential Exhibits under seal as stated below.  Accordingly, it is

**ORDERED:**

1. With respect to Confidential Exhibits the movants want admitted into evidence (and which, if admitted, would otherwise become part of the public record) and about which the Court has not already issued a Protective Order, each movant shall bring to the Trial a hard copy each exhibits that the movant seeks to file under seal.  The Court will review any such exhibits *in camera* at the time they are offered into evidence and enter an appropriate order.  With respect to any Confidential Exhibits that the Court deems it appropriate to be filed under seal, at the conclusion of the Trial the moving party shall submit the exhibit(s) to the Clerk of Court in a

manila envelope with a copy of the order granting the request to file under seal attached thereto, in accordance with Local Rule 5005-4.

2. The Clerk of Court shall maintain the Confidential Exhibits under seal pending further Court order.

3. Prior to publication on the public docket of a transcript of the Trial or excerpt thereof ("Transcript") that includes discussion of the contents of any of the Confidential Exhibits, the party seeking such publication shall: (i) submit under seal in accordance with Local Rule 5005-4 a redacted Transcript for the Court's *in camera* review; (ii) provide a copy of the redacted Transcript to opposing counsel; and (iii) simultaneously file a motion for publication of the redacted Transcript. No public publication of the Transcript that reveals the contents of any of the Confidential Exhibits shall occur without prior Court approval.

Service by CM/ECF only.