ORDERED.

**Dated: March 17, 2016**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

AVANTAIR, INC., Case No. 13-09719-CPM

Debtor. Chapter 7

______________________________/

**ORDER (i) GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH FRACTIONAL OWNERS OF N158SL, AND (ii) GRANTING MOTION TO APPROVE SALE OF N158SL FREE AND CLEAR OF LIENS AND INTERESTS**

This case came before the Court for hearing on March 9, 2016 at 10:30 a.m. (the "Hearing") upon (i) the Motion to Approve Compromise of Controversy with Fractional Owners of N158SL (Doc. 1955) (the "**Compromise Motion"**), and (ii) the Motion to Approve Sale Free and Clear of Liens and to Approve Sale and Bid Procedures N158SL (Doc. 1956) **(the "Sale Motion")**, filed by Beth Ann Scharrer, as Chapter 7 Trustee ("**the Trustee**") for the bankruptcy estate of Avantair, Inc. ("**Avantair**"). The Compromise Motion and the Sale Motion relate to the proposed sale of that certain Piaggio P-180 aircraft described on Exhibit "A" to this Order

(collectively, the **"N158SL Aircraft"**). The Court, has heard argument from counsel and for the reasons stated orally and recorded in open court at the Hearing, has set forth herein. Accordingly, it is

**ORDERED** as follows:

1. The Compromise Motion is granted, in part, as set forth in this Order.[1]

2. The Sale Motion is granted, as more fully set forth in a separate Order of the Court entitled *Order Conveying N158SL Free and Clear of Claims, Liens and Interests, Including Two (2) Pratt & Whitney Canada Model PT6A-66 Aircraft Engines Bearing Manufacturer's Serial Numbers PCE-RK0183 And PCE-RK0184 and Two (2) Hartzell Propeller Inc. Model HC-E5N-3 Aircraft Propellers Bearing Manufacturer's Serial Numbers KU63 and HF214*, which is being entered solely for recording and conveyance purposes.

3. The Settlement Agreement between the Trustee and the fractional owners of N158SL, which is attached as Exhibit "A" to the Compromise Motion, is approved as modified by the provisions of this Order. The Trustee and the named Fractional Owners of N158SL that are parties to the Settlement Agreement are hereby authorized and directed to take all actions that are necessary or appropriate to carry out the terms of the Settlement Agreement, as modified by the provisions of this Order.

4. The Trustee is authorized to sell the N158SL Aircraft, as more particularly described on Exhibit "A" to this Order (including but not limited to the engines and propellers identified on Exhibit "A" to this Order), pursuant to the terms, conditions and procedures set forth in the Sale Motion, as modified herein. The arm's length sale to SV Consultants, LLC ("Buyer") as set forth in the Sale Motion is approved, as modified herein.

[1] In granting the Compromise Motion, the Court considered the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), and determined that the granting of the Compromise Motion is in the best interests of the estate.

5. Pursuant to 11 U.S.C. Sec. 363(e), (f), and (h), the N158SL Aircraft shall be sold and transferred to Buyer free and clear of all liens, claims, interests (including, without limitation, the interests of any Fractional Owners of the N158SL Aircraft or any other aircraft on the Debtor's operating certificate), and encumbrances, with all such liens, claims, interests and encumbrances attaching to the proceeds of the sale to the same extent, and with the same validity and priority as existed on the petition date.

6. The Fractional Owners of the N158SL Aircraft shall be responsible for the payment of storage fees, maintenance costs, or other services rendered on the N158SL Aircraft through the date of closing. The Fractional Owners of the N158SL Aircraft may use the proceeds derived from the sale of the N158SL Aircraft to pay for those amounts incurred pursuant to both this paragraph and Paragraph 4, Sections (a), (b), and (c) of the Settlement Agreement, as set forth on Exhibit B to this Order.

7. Specifically, the Purchase Price shall be distributed by escrow agent Insured Aircraft Title Service, Inc. ("IATS") as follows, without further Order of this Court:

a. first, the sum of $40,000.00 to the Chapter 7 Trustee;

b. second, payment of the liens identified in Exhibit B to this Order in the amounts indicated or such other amounts as may be agreed in writing by the Settling Owners and identified lienholders;

c. third, payment to the service providers identified in Exhibit B to this Order in the amounts indicated or such other amounts as may be agreed in writing by the Settling Owners and identified lienholders; and

d. fourth, the balance of the Purchase Price to the Settling Owners for distribution pursuant to Exhibit "B" to this Order.

8. The provisions of this Order, the Court's findings and rulings, and the parties' agreement are binding only with respect to the property that comprises the N158SL Aircraft and does not adjudicate the rights of any party in any other property or issues, or limit their ability to make objections and/or arguments regarding any other motion or adversary proceeding.

9. The Court makes no legal or factual determination or conclusion whether the Debtor through its alleged acts and omissions committed one or more acts of conversion, except for purposes of transferability of title.

*Attorney Lynn Welter Sherman is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

# EXHIBIT "A"

Aircraft

One (1) PIAGGIO AERO INDUSTRIES SPA model P180 (described on the International Registry Manufacturer's List as PIAGGIO AERO INDUSTRIES model P-180) aircraft bearing manufacturer's serial number 1119 and United States Registration Number N158SL (the "**Airframe**"); two (2) PRATT & WHITNEY CANADA model PT6A-66 aircraft engines bearing manufacturer's serial numbers PCE-RK0183 and PCE-RK0184 (described on the International Registry Manufacturer's List as model PT6A SERIES, serial numbers PCE-RK0183 and RK0184) (the "**Engines**"); and two (2) Hartzell Propeller Inc. model HC-E5N-3 aircraft propellers bearing manufacturer's serial numbers KU63 and HF214 (the "**Propellers**"); and all related appurtenances, appliances, parts, avionics, instruments, components, accessions and furnishings, loose equipment, and all document records relating to the Airframe, Engines or Propellers, including without limitation, all airframe, engine, and accessory logbooks, manuals, flight records, weight and balance manuals, tags, technical records, traceability records, task cards, information, overhaul records, maintenance records, maintenance contracts, computerized maintenance programs, airframe and aircraft component warranties (if any), engine warranties (if any), avionics warranties (if any), wiring diagrams, drawings, data, and all issued FAA Form 337s (if any);

(collectively, the "**Aircraft**").

# N158SL Co-Owners Settlement Analysis

| | |
|---|---|
| **Sale Price** | **$ 1,050,000.00** |
| Landmark Aviation - Subject to increase with final work being done | $ (731,000.19) |
| Wetzel Aviation | $ (36,750.00) |
| Axcess Aviation Maintenance Services, Inc. | $ (20,000.00) |
| Big Sky Aviation, Inc. | $ (2,200.00) |
| Piedmont Hawthorne Aviation, LLC | $ (743.47) |
| Trustee's Fee | $ (40,000.00) |
| **Total Deductions** | **$ (830,693.66)** |
| **Sales Proceeds** | **$ 219,306.34** |
| Estimated Legal Fees (Aerlex and Shumaker- Bankruptcy Co-counsel) | $ 59,647.00 |
| Estimated Costs (including insurance, storage , mx., records assembly, etc.) | $ 28,779.06 |
| **Net Proceeds** | **$ 130,880.28** |
| Total Contributed to Legal Fees by Co-Owners | **$ 76,500.00** |
| **Proceeds to be Distributed** | **$ 207,380.28** |

| **Summary of Sale Proceeds by Owner** | **Share size** | **Pro rata Net Proceeds** | **Individual Contribution** | **Total Due Co-Owner** |
|---|---|---|---|---|
| AKA Holdings, LLC | 9.375% | $ 11,898.21 | $ 9,750.00 | $ 21,648.21 |
| BFIVE Investments, LLC | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| Daniel Borislow | 6.250% | $ 7,932.14 | $ - | $ 7,932.14 |
| California Resources, Inc. | 3.125% | $ 3,966.07 | $ - | $ 3,966.07 |
| CD Max, LLC | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| GM Aircraft, LLC | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| Hanley Group, LP | 6.250% | $ 7,932.14 | $ - | $ 7,932.14 |
| Lavanc, LLC | 3.125% | $ 3,966.07 | $ 3,250.00 | $ 7,216.07 |
| Mark Lee | 3.125% | $ 3,966.07 | $ 3,250.00 | $ 7,216.07 |
| Edward L. Mercaldo and Karen A. Mercaldo, Co-Trustees | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| Robert G. Miller | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| John and Frances Pepper | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| RSTS, LLC | 3.125% | $ 3,966.07 | $ 3,250.00 | $ 7,216.07 |
| Scientific Games International, Inc | 3.125% | $ 3,966.07 | $ - | $ 3,966.07 |
| Senior Birdman, LLC | 3.125% | $ 3,966.07 | $ 5,500.00 | $ 9,466.07 |
| Stephen Trauber | 6.250% | $ 7,932.14 | $ 2,000.00 | $ 9,932.14 |
| Paul Weidman | 6.250% | $ 7,932.14 | | $ 7,932.14 |
| David K. Wells, Jr. | 6.250% | $ 7,932.14 | $ 6,500.00 | $ 14,432.14 |
| WFD-Jetstream LLC | 6.250% | $ 7,932.14 | $ 4,000.00 | $ 11,932.14 |
| **TOTAL DISTRIBUTION** | **103.125%** | **$ 130,880.28** | **$ 76,500.00** | **$ 207,380.28** |