ORDERED.

**Dated: November 18, 2016**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re: CASE NO. 8:13–bk–09719–CPM

AVANTAIR, INC., CHAPTER 7

Debtor.
____________________________/

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE BETH ANN SCHARRER TO APPROVE SETTLEMENT AND COMPROMISE OF CONTROVERSY WITH THE FORMER OFFICERS, DIRECTORS, AND EMPLOYEES OF AVANTAIR, INC. AND REQUEST FOR ENTRY OF BAR ORDER**

THIS MATTER came before the Court for hearings on November 4, 2015, January 22 and 25-27, 2016, February 26, 2016, April 18, 2016, and November 16, 2016 on Beth Ann Scharrer's (the "Trustee") *Motion to Approve Settlement and Compromise of Controversy with the Former Officers, Directors, and Employees of Avantair, Inc. and Request for Entry of Bar Order* (Doc. 1787 - the "Motion to Compromise D&O Claims") and Settlement Agreement (Doc. 1959) between the Trustee and A. Clinton Allen; Kevin Beitzel; Stephanie Cuskley; Richard DeWolfe; Arthur Goldberg; Barry Gordon; David Haslett; Bret Holmes; Laurel Jepson; Robert Lepofsky; Kevin McKamey; Tom Palmiero; Richard Pytak, Jr.; Allison Santo; Steven

Santo; Carla Stucky; Stephen Wagman; and A. Lorne Weil (each an "Insured," and collectively, the "Insureds").

The Court, being familiar with the record of the main bankruptcy case, having reviewed the Motion to Compromise the D&O Claims and related filings, having considered the extensive evidence presented by the respective parties, including the testimony of the Trustee in court and by sworn declaration (Doc. 1920), having heard the representations and arguments of counsel and the unrebutted proffers of counsel, and being otherwise duly advised in the premises, and for the reasons stated orally and recorded in open court, which shall constitute the decision of this Court, does hereby

**ORDER** as follows:

1. The Motion to Compromise D&O Claims is GRANTED, as set forth herein.

2. Collectively, the settlements that are the subject of the Motion to Compromise D&O Claims, the Amended Motion of Chapter 7 Trustee Beth Ann Scharrer to Approve Settlement and Compromise of Controversy with Global Aerospace, Inc. and Request for Entry of Bar Order (Doc. 1997) (the "Global Motion to Compromise"); Amended Motion of Chapter 7 Trustee Beth Ann Scharrer to Approve Settlement and Compromise of Controversy with Certain Fractional Owners (Doc. 2104) (the "CFO Motion to Compromise"); and the Joint Motion for Entry of an Order: (I) Approving Settlement and Compromise of Controversy with the Former Employees of Avantair, Inc. pursuant to Bankruptcy Rule 9019; (II) Granting Preliminary Approval of Class Action Settlement; (III) Conditionally Certifying Class For Settlement Purposes Only; (IV) Approving the Form and Manner of Service of Class Notice; (V) Scheduling A Final Approval Hearing; and (VI) Granting Related Relief (Doc. 2017) and the order thereon (Doc. 2085) (the "Employee Class Settlement") together satisfy the standards set

cpm

forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.1990), for approval of settlements under Bankruptcy Rule 9019, and the standards for entry of the requested bar order set forth in *Munford v. Munford, Inc. (Matter of Munford, Inc.)*, 97 F.3d 449 (11th Cir. 1996). By separate order entered contemporaneously herewith, the Court has granted the Global Motion to Compromise and the CFO Motion to Compromise. On September 22, 2016, the Court entered the order conditionally approving the Employee Class Settlement. Collectively, the four major settlements described in this paragraph are referred to herein as the Four Major Factions Settlements.

cpm

3. The objections to the Motion to Compromise the D&O Claims filed by the Certain Fractional Owners (Doc. 1806); Global Aerospace, Inc. (Doc. 1807); Employee Objectors (Doc. 1808); and Mid-South Services, Inc./Clear Aircraft, Inc. (Doc. 1809) (collectively, the "Objections") have been withdrawn by the objecting parties and are therefore denied as moot.

4. The Motion to Compromise the D&O Claims is granted and the Settlement Agreement is approved. The compromise and Settlement Agreement between the Trustee and the Insureds does not fall below the lowest point in the range of reasonableness, is fair, reasonable, and in the best interests of the Debtor's estate and its creditors, and is approved pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019(a).

5. The Trustee and the Insureds are hereby ordered to comply with the terms of the compromise and Settlement Agreement and are authorized to take all actions deemed necessary and appropriate to consummate the transactions contemplated thereby, including without limitation the execution of the Settlement Agreement previously filed with the Court (Doc. 1959).

6. Given the Court's approval of the interdependent Four Major Factions Settlements, the bar order required by the Motion to Compromise the D&O Claims is consistent with Eleventh Circuit precedent, including *Munford v. Munford, Inc.* (*Matter of Munford, Inc.*), 97 F.3d 449 (11th Cir. 1996), and is approved. For the reasons stated on the record during the hearings, the Court has determined that: (1) the bar order fulfills the long-standing public policy of encouraging pretrial settlements; (2) the settlement containing the bar order satisfies the requirements for the approval of settlements under *Justice Oaks*; and (3) the bar order satisfies the nonexclusive set of factors for approval of bar orders set forth in *Munford*, including: (a) the non-debtor third-party claims which will be barred by the bar order are interrelated with the estate's claims; (b) the parties opposed to the bar order have not presented sufficient evidence of the strength and existence of their claims against the beneficiary of the bar order (or have agreed to the bar order and are no longer opposed to its entry); (c) the estate's litigation against the beneficiary of the bar order is complex; and (d) the continued litigation by the estate and other parties against the beneficiary of the bar order will deplete resources. Accordingly, effective upon the making of the Settlement Payment (as defined in the Mediation Term Sheet attached to the Motion to Compromise D&O Claims) and the payment of $133,333.00 to the Fuller Entities, pursuant to the terms of the Order Approving Compromise (Doc. 2109) with the Fuller Entities, the Court hereby:

> **permanently enjoins, restrains, and bars any person or entity, except governmental agencies, from filing, commencing, conducting, asserting, or continuing in any manner, directly, indirectly, or derivatively, any suit, action, claim, demand, or other proceeding (including, without limitation, any proceeding in any judicial, arbitral, administrative, or other forum)**

**against any Insured based upon their acts or omissions in their capacity as Executives or Employees (as defined in the National Union Fire Insurance Company of Pittsburgh, PA ("NUF"), Policy # 01-758-16-48 (the "NUF Policy")) of the Debtor or in any way related to the Debtor or its bankruptcy case, or against NUF or Allied World National Assurance Company ("Allied") in connection with the Insureds, the Debtor, or its bankruptcy case (the "Bar Order"). The Bar Order shall not, however, impact, impair, or otherwise affect any rights that an Insured may have under the Policies or pursuant to any other arrangement among an Insured, NUF, and/or Allied.**

7. The Court reserves exclusive jurisdiction to enforce the terms of the compromise, Settlement Agreement, and Bar Order approved by this Order.

8. The Trustee is authorized and directed to immediately disburse the Settlement Payment as set forth on Exhibit "A" hereto.

* * *

Robert F. Elgidely, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

| | | |
|---|---|---|
| RECEIPTS | | |
| AIG | $ | 2,000,000.00 |
| Allied | $ | 6,000,000.00 |
| Fuller Adjustment | $ | 133,333.00 |
| Total Receipts | $ | 8,133,333.00 |
| DISBURSEMENTS | | |
| PAID OUTSIDE ESTATE | TOTAL TO CLAIMANT | |
| Special Situations Plaintiffs | $ | 1,463,611.00 |
| Global Settlement Fund | $ | 15,000.00 |
| Fuller | $ | 300,000.00 |
| Employee Settlement Fund | $ | 427,500.00 |
| SC Plaintiffs | $ | 903,611.00 |
| Haughland Plaintiffs | $ | 868,611.00 |
| Werner Plaintiffs | $ | 30,000.00 |
| Petersen Plaintiffs/QSF | | |
| Total Paid Outside Estate | $ | 4,008,333.00 |
| [redacted] | | |
| Bankruptcy Estate | | |
| JGB/VPL | $ | 1,299,750.00 |
| Global Settlement Fund | $ | 225,000.00 |
| AR | $ | 742,130.31 |
| Global Settlement Fund | | |
| Employee QSF | $ | 800,000.00 |
| Funds to be retained in estate | $ | 1,058,119.69 |
| Total paid through estate | $ | 4,125,000.00 |
| TOTAL DISBURSEMENTS | $ | 8,133,333.00 |

**EXHIBIT A**