UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

AVANTAIR, INC.,

    Debtor.

_____/

Case No. 08:13-bk-09719-CPM

Chapter 7

**TRUSTEE'S MOTION FOR APPROVAL OF
INTERIM DISTRIBUTION TO ALLOWED SECURED CLAIMS,
ALLOWED ADMINISTRATIVE EXPENSE CLAIMS, AND
<u>ALLOWED PRIORITY WAGE CLAIMS OF EMPLOYEE CLASS</u>**

Beth Ann Scharrer, as Chapter 7 Trustee (the "Trustee") for Avantair, Inc. ("Debtor"), by and through her undersigned counsel, files this Trustee's Motion for Approval of Interim Distribution to Allowed Secured Claims, Allowed Administrative Expense Claims, and Allowed Priority Wage Claims of Employee Class, and in support thereof says:

**<u>JURISDICTION</u>**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**<u>FACTUAL BACKGROUND</u>**

2.    On July 25, 2013 (the "Petition Date"), a group of petitioning creditors (the "Petitioning Creditors") filed an involuntary petition for relief against Avantair under Chapter 7 of the Bankruptcy Code. (Doc. 1.)

3.    On August 16, 2013, the Bankruptcy Court entered an Order for Relief against Avantair as a result of its failure to timely respond to the involuntary petition. (Doc. 106.)

4. On July 30, 2013, the Petitioning Creditors filed an Emergency Motion for Immediate Appointment of an Interim Chapter 7 Trustee Pursuant to 11 U.S.C. § 303(g).

5. On August 1, 2013, the Court entered an Order Directing Appointment of Interim Chapter 7 Trustee pursuant to 11 U.S.C. § 303(g). (Doc. 27.)

6. Thereafter, Trustee was appointed as the Chapter 7 Trustee and files this Motion in her capacity as the duly appointed, qualified, and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") of Avantair.

7. The bar date for filing claims against the Estate was March 15, 2014 (Doc. 484).

8. Pursuant to previous orders of the Court, the Trustee has entered into various settlement agreements and has sold certain assets of the Estate. As of the date of this Motion, the Trustee has funds on hand of $2,640,000.00.

9. Pursuant to a settlement by and between the Trustee and the Employee Class, the former employees of the Debtor have an allowed priority wage claim pursuant to 11 U.S.C. §507(a)(4) in the amount of $3,000,000.00.

10. Adams and Reese, LLP, counsel to the Trustee has filed a pending fee applications seeking fees and expenses totaling $77,899.92.

11. Galaxy Aviation of Orlando, Inc. has an allowed administrative claim in the amount of $50,000.00.

12. The Trustee is nearing completion of the administration of the Debtor's case. Substantially all assets of the Debtors have been liquidated. Trustee proposes to make interim distributions as set forth in this Motion, reserving sufficient funds to pay anticipated future expenses of administration.

13. By this Motion, the Trustee proposes to make interim distributions as follows:

(a) $125,000.00 to the allowed secured claim of Barry Gordon, as collateral agent;

(b) $77,899.92 to Adams and Reese, LLP (subject to approval of the interim fee application);

(c) $50,000.00 to Galaxy Aviation, Inc. on account of its allowed administrative expense claim; and

(d) $1,000,000.00 to the Employee Class on account of its priority wage claim.

As set forth on Exhibit "A" to this Motion, the Trustee anticipates that she will have sufficient funds remaining to pay the Trustee's compensation, taxes and expenses, and future administrative claims from the funds remaining in the estate after making the payments described above. Thus, the Trustee has determined that she can prudently distribute $1,000,000.00 to the Employee Class at this time. The Trustee would propose to make this distribution in early December, so that the Settlement Administrator can make distributions to employees prior to the end of the year.

14. This Court has previously entered an order limiting notice in this case. The Trustee has served this Motion by CM/ECF upon all parties receiving notice in this case, and by email on all fractional owners shown on the Debtor's books and records, except for those that have requested not to receive further notices in this case.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(a) authorizing the Trustee to make the interim distributions set forth above in paragraph 13; and

(b) granting such other and further relief as is just and equitable.

Dated: November 20, 2017

    /s/ *Lynn Welter Sherman*
Lynn Welter Sherman
Florida Bar No. 375616
ADAMS AND REESE LLP
101 E. Kennedy Blvd.
Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
E-Mail: lynn.sherman@arlaw.com

***Attorneys for Chapter 7 Trustee***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2017, a copy of the foregoing has been provided to all persons receiving notice by CM/ECF, and by email to all of the fractional owners of all aircraft shown on the Debtor's books and records, except those that have requested that no further notices be sent.

*/s/ Lynn Welter Sherman*
Lynn Welter Sherman